**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

LEWIS FREDRICK ROHDA, JR.,              :

      Petitioner,                              :

vs.                                                  :              CA 14-0169-WS-C

CHRISTOPHER GORDY,                       :

      Respondent.

## REPORT AND RECOMMENDATION

      Lewis Frederick Rohda, Jr., a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the instant petition be dismissed without prejudice to allow Rohda to exhaust his state remedies.[1]

## FINDINGS OF FACT

      Based upon what the undersigned can discern from the face of petitioner's complaint, Rohda entered a counseled guilty plea to breaking and entering a vehicle—in the Circuit Court of Baldwin County, Alabama—on December 13, 2013, and was sentenced that day to a term of imprisonment of "100 months[.]" (Doc. 4, at 2.) Rohda contends that he made several attempts to file an appeal but all of those attempts

---

[1]      Based upon the contents of this report and recommendation, Rohda's motion for leave to proceed *in forma pauperis* (Doc. 2), as amended (Doc. 5), is **MOOT**.

proved unsuccessful. (*See id.* at 3.) Petitioner admits that he has not filed any collateral attacks on his conviction and sentence in the state courts of Alabama. (*Id.* at 4.)

The face of Rohda's habeas corpus petition suggests that petitioner wishes to raise the following claims: (1) his conviction was obtained as a result of the prosecutor's failure to disclose evidence favorable to him; (2) denial of effective assistance of counsel; (3) denial of his right to appeal; and (4) denial of due process due to the failure to grant his request for a preliminary hearing. (Doc. 4, at 7-9.)

## CONCLUSIONS OF LAW

**A.** **Rule 4.** A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4. And "[a]lthough exhaustion of available state remedies is a non-jurisdictional defense in the sense that it may be forfeited or waived by the State, federal courts are authorized to raise the exhaustion issue *sua sponte* unless the State has expressly and knowingly waived it." *Edwards v. Billups,* 2014 WL 1329422, *4 (N.D. Ala. Mar. 28, 2014), citing *Granberry v. Greer,* 481 U.S. 129, 133, 107 S.Ct. 1671, 1674-1675, 95 L.Ed.2d 119 (1987); *McNair v. Campbell,* 416 F.3d 1291, 1304 (11th Cir. 2005); and *Dill v. Holt,* 371 F.3d 1301, 1302 n.1 (11th Cir. 2004).

**B.** **Exhaustion Principles.** A claim for federal habeas corpus relief is not

exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."; *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be

considered unless 'there are special and important reasons therefor[.]'"*Id.* (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. Jun. 27, 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. Nov. 16, 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A

federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under *Fay v. Noia*, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In this case, Rohda has not exhausted his state remedies inasmuch as he has not sought post-conviction relief in the state courts of Alabama by filing a Rule 32 petition in the Baldwin County Circuit Court and then appealing, if necessary, that court's ruling to Alabama's appellate courts.[2] (Doc. 4, at 4 (no post-conviction relief sought).)[3]

---

[2]     The undersigned recognizes petitioner's allegations that he made several attempts to appeal; however, he has not filed a Rule 32 petition and asserted therein the claims he wishes this Court to adjudicate, including the claim that he was denied his right to directly appeal his guilty plea conviction and sentence. *See* Ala.R.Crim.P. 32.1(f) ("Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that: The petitioner failed to appeal within the prescribed time from the conviction or sentence itself . . . and that failure was without fault on the petitioner's part.").

[3]     "Petitioner is advised that the 'one complete round' exhaustion requirement of *O'Sullivan* applies to post-conviction review; if he is denied post conviction relief he must appeal that ruling in order to properly exhaust state remedies." *Creamer v. Secretary, Dept. of Corrections*, 2012 WL 1072220, *2 n.3 (N.D. Fla. Feb. 10, 2012) (citations omitted), *report and recommendation adopted by* 2012 WL 1072021 (N.D. Fla. Mar. 30, 2012).

Therefore, Rohda's petition is due to be dismissed without prejudice based upon his failure to exhaust state remedies. *Edwards, supra,* at *4 ("Where all claims in a § 2254 habeas application are unexhausted but the petitioner still might have an opportunity to seek post-conviction relief authorized by state law, a federal district court will ordinarily dismiss the § 2254 case without prejudice to allow the petitioner the chance to exhaust his claims.").[4]

**C.    Certificate of Appealability.**    Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the alleged underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a

---

[4]        "As to any future § 2254 petition (following one complete round of exhaustion as to all claims raised), Petitioner is advised that there is a one year time limit for filing a § 2254 petition, which runs from 'the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review,' absent circumstances triggering a later commencement date. § 2244(d)(1)(A)-(D). The period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.' § 2244(d)(2)." *Creamer, supra,* at *2 (footnotes omitted).

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Rohda has not exhausted his claims in the state courts of Alabama and this Court must dismiss all of his alleged constitutional claims to allow him to return to state court to exhaust his state remedies as to these unexhausted claims, *see Jimenez v. Florida Dept. of Corrections*, 481 F.3d 1337, 1342 (11th Cir.) ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), *cert. denied sub nom. Jimenez v. McDonough*, 552 U.S. 1029, 128 S.Ct. 628, 169 L.Ed.2d 405 (2007), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Rohda should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct

the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report & recommendation adopted by* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa,* 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

**CONCLUSION**

The Magistrate Judge recommends that Lewis Frederick Rohda, Jr.'s petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice due to his failure to fully exhaust his state court remedies. Rohda is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P.

72(b); S.D.Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 12th day of May, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**